IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| L.H., a minor, by and through her parents and natural guardians, T.H. and B.H., <br><br> Plaintiffs, <br><br> v. <br><br> RICE ENTERPRISES, LLC, d/b/a McDONALD'S, McDONALD'S USA, LLC, and MCDONALD'S CORPORATION, <br><br> Defendants. | Case No.: 2:23-CV- 613 |

## NOTICE OF REMOVAL

Pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 1334 and 1452, please take notice that Rice Enterprises, LLC (the "Defendant"), by and through its undersigned counsel, Bernstein-Burkley, P.C., herein gives notice of removal of the case captioned L.H., a minor, by and through her parents and natural guardians, T.H. and B.H. v. Rice Enterprises, LLC, *et. al*, Civil Action No. GD-21-011435 (referred to herein as the "State Court Case"), from the Court of Common Pleas, Allegheny County, Pennsylvania Civil Division to the United States District Court for the Western District of Pennsylvania (the "United States District Court"). In furtherance of this Notice, and as required by Rule 9027 of the Bankruptcy Rules, the Defendant states as follows:

1. On or about September 21, 2021, L.H, a minor, by and through her parents and natural guardians, T.H. and B.H. (the "Plaintiffs") filed a complaint (the "Complaint") in the Court of Common Pleas, Allegheny County, Pennsylvania against McDonald's USA, LLC ("McDonald's USA"), and McDonald's Corporation ("McDonald's Corp."; together with McDonald's USA, "McDonald's") and the Defendant.

1

2. The Defendant and McDonald's were served with notice to defend / summonses and copies of the Complaint on September 29, 2021.

3. On October 13, 2021, the Defendant filed preliminary objections to the Plaintiffs' Complaint and brief in support thereof. In response, the Plaintiffs filed their brief in opposition on December 6, 2021.

4. On December 6 and 7, 2021, McDonald's filed its brief in support and preliminary objections to the Plaintiffs' Complaint, respectively.

5. On December 8, 2021, the Plaintiffs, the Defendant, and McDonald's filed a joint motion to assign the case to the Commerce and Complex Litigation Center, which was granted by Order of the Court on December 30, 2021.

6. On February 3, 2022, the Plaintiffs filed their response in opposition to McDonald's preliminary objections. On February 10, 2022, McDonald's filed its reply in support of its preliminary objections.

7. On March 11, 2022, the Plaintiffs filed their surreply brief in opposition to McDonald's preliminary objections, and on March 29, 2022, McDonald's filed their response to the Plaintiffs' surreply.

8. On July 7, 2022, the Court issued an order overruling in part and granting in part the Defendant's and McDonald's preliminary objections, determining that the Plaintiffs' claim of direct liability in which an administrative complaint would be filed, was not ripe at that time. Accordingly, that portion of the Complaint was stricken. The paragraph regarding Plaintiffs' claims for attorney's fees was also stricken. The Court denied and overruled the preliminary objections in all other respects and ordered the Defendant and McDonald's to file their answers within 20 days of the entry of that order.

9. On or about July 27, 2022, the Defendant and McDonald's filed their respective answers and new matter to the Complaint.

10. On August 9, 2022, the Plaintiffs filed their reply to the Defendant's and McDonald's respectively filed new matter.

11. On October 14, 2022, the Defendant filed an amended complaint (the "Amended Complaint") to join additional defendant Backgroundchecks.com LLC.

12. On November 3, 2022, defendant Backgroundchecks.com LLC filed its preliminary objections and memorandum of law in support thereof to the Defendant's Amended Complaint.

13. On November 29, 2022, the Defendant and Backgroundchecks.com LLC entered into the Stipulation to Dismiss Additional Defendant, wherein the parties agreed that Backgroundchecks.com LLC would be dismissed without prejudice.

14. After conferences held on January 19, 2023, and February 14, 2023, the Court issued an Order on February 16, 2023, again striking (a) paragraphs 8 and 9 of the Complaint, determining that such cause of action arises under the Pennsylvania Human Relations Act ("PHRA") but determining that said cause of action would not be reasserted in the State Court Case and (b) paragraph 118(d), determining that the demand for attorney's fees would not be reasserted in the State Court Case. The Court further ruled that the Plaintiffs would not be allowed to amend the Complaint in order to assert any action under the PHRA against any defendant.

15. On March 15, 2023, the Defendant filed a voluntary petition for relief under subchapter V of Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code") before the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court"), thereby commencing case number 23-bk-20556-CMB (the "Bankruptcy Case").

## REMOVAL JURISDICTION

16. A party may remove a claim or cause of action in a civil action pending in a state court to the district court for the district where such civil action is pending if the district court has or would have jurisdiction over the matter under section 1334 of title 28 of the United States Code. *See* 28 U.S.C. § 1452(a).

17. Pursuant to section 1334 of title 28 of the United States Code, district courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *See* 28 U.S.C. § 1334(b).

18. In this case, federal jurisdiction is founded upon 28 U.S.C. § 1334(b), because this civil action is "related to" a pending case filed under title 11, styled as *In re Rice Enterprises LLC*, Case No. 23-20556 (CMB) (Bankr. W.D. Pa).

19. A lawsuit pending in a non-bankruptcy court, such as the State Court Case, is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984). "An action is related to bankruptcy if the outcome could alter the [Defendant's] rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Id.*

20. In the State Court Case, the Plaintiffs seek judgment against the Defendant for injuries allegedly suffered by the minor Plaintiff in the course of her employment with the Defendant. Specifically, the Plaintiffs allege that, as a result of the Defendant's alleged negligent conduct, the minor Plaintiff was subjected to sexual harassment, sexual assault and/or battery, and a sexually hostile work environment. The Plaintiffs further allege that as a direct and proximate result of the Defendant's alleged negligent conduct, the Plaintiffs are entitled to recover damages,

which include economic and non-economic damages, attorneys' fees and costs. Plaintiffs also seek punitive damages.

21. In the Bankruptcy Case, the Plaintiffs have filed a proof of claim (to which a copy of the Complaint in the State Court Case is attached as an exhibit) asserting a liability against the Defendant's bankruptcy estate of $25,000,000 or more. The outcome of the State Court Case thus could alter the Defendant's liabilities, options, or freedom of action.

22. Also, the State Court Case will have a direct impact upon the handling and administration of the Bankruptcy Case because the recovery of damages against the Defendant would reduce the amount of funds available in the bankruptcy estate to pay other creditors with valid claims and could be detrimental to Defendant's capacity to reorganize successfully under Chapter 11.

23. Accordingly, removal to the United States District Court is proper under applicable rules and authority.

24. This Notice of Removal is timely filed pursuant to Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure, because the Notice of Removal was filed within 90 days after the order for relief in the case under the Bankruptcy Code.

25. Promptly after filing this Notice of Removal, the Defendant shall serve a copy of the Notice upon all counsel of record in the State Court Case.

26. The Defendant will promptly file a true and correct copy of this Notice of Removal with the clerk for the Court of Common Pleas, Allegheny County, Pennsylvania, as required by Rule 9027(c) of the Federal Rules of Bankruptcy Procedure.

27.     Copies of all process and pleadings in the State Court Case are attached hereto as **Exhibits A** through **Q**, as required by Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure.

28.     Upon removal of the State Court Case to this Court, the Defendant, pursuant to Rule 9027(a), will consent to entry of final orders and/or judgments by the Bankruptcy Court.

WHEREFORE, Defendant, Rice Enterprises, LLC, respectfully removes the State Court Case pending in the Court of Common Pleas, Allegheny County, Pennsylvania, at Civil Action No. GD-21-011435, to the United States District Court for the Western District of Pennsylvania.

Dated: April 13, 2023

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.
/s/ *David W. Ross*
Kirk B. Burkley (PA ID No. 89511)
David W. Ross (PA ID No. 62202)
601 Grant Street, 9th Floor
Pittsburgh, PA 15219-1900
Telephone: (412) 456-8100
Email: kburkley@bernsteinlaw.com
           dross@bernsteinlaw.com

*Proposed Attorneys for the Debtor in the Bankruptcy Case*

## **CERTIFICATE OF SERVICE**

I, David W. Ross, Esq., hereby certify that a true and correct copy of the foregoing Notice of Removal was served on the following this 13th day of April, 2023, by electronic mail and regular mail addressed as follows:

Allegheny Country Prothonotary
City-County Building
414 Grant St
Pittsburgh, PA 15219

**Service upon Counsel in the Allegheny County Common Pleas case:**

Kenneth Hardin II
Kara Lattanzio
Hardin Thompson, P.C.
The Frick Building
437 Grant Street, Suite 620
Pittsburgh, PA 15219
Email: kenhardin@hardinlawpc.net
         klattanzio@hardinlawpc.net

Rebekah B. Kcehowski
Katherine J. McLay
Jones Day
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Email: rbkcehowski@jonesday.com
         kmclay@jonesday.com

Alan H. Perer
Swensen & Perer
Firm no. 262
One Oxford Center, Suite 2501
Pittsburgh, PA 15219
Email: aperer@spkpowerlaw.com

**Service upon Counsel in the Rice Enterprises, LLC bankruptcy case:**

Kirk B. Burkley on behalf of Debtor, Rice Enterprises LLC
kburkley@bernsteinlaw.com

David W. Ross on behalf of Debtor, Rice Enterprises LLC
dross@bernsteinlaw.com, cwirick@bernsteinlaw.com, cwirick@ecf.courtdrive.com

Erica L. Kravchenko on behalf of Debtor, Rice Enterprises LLC
ekravchenko@bernsteinlaw.com

Carl E. Black on behalf of Creditor McDonald's USA LLC
ceblack@jonesday.com

Kate Bradley on behalf of U.S. Trustee Office of the United States Trustee
kate.m.bradley@usdoj.gov

Carlyle J Engel on behalf of Creditor B.H.
bhaslett@spkpowerlaw.com

Carlyle J Engel on behalf of Creditor L.H., a Minor
bhaslett@spkpowerlaw.com

Carlyle J Engel on behalf of Creditor T.H.
bhaslett@spkpowerlaw.com

Scott C. Frost on behalf of Creditor BMO Harris Bank, N.A.
sfrost@howardandhoward.com, kmay@howardandhoward.com

Scott M. Hare on behalf of Creditor B.H.
share@wtplaw.com,
share4@mac.com; 8047805420@filings.docketbird.com; llescallette@wtplaw.com; JWeisbrod@wtplaw.com

Scott M. Hare on behalf of Creditor L.H., a Minor
share@wtplaw.com,
share4@mac.com; 8047805420@filings.docketbird.com; llescallette@wtplaw.com; JWeisbrod@wtplaw.com

Scott M. Hare on behalf of Creditor T.H.
share@wtplaw.com,
share4@mac.com; 8047805420@filings.docketbird.com; llescallette@wtplaw.com; JWeisbrod@wtplaw.com

Rebekah B Kcehowski on behalf of Creditor McDonald's USA LLC
rbkcehowski@jonesday.com

William G Krieger
wkrieger@gleasonexperts.com, mhanna@GleasonExperts.com

Garry Alan Masterson on behalf of Creditor HTD Leasing, LLC d/b/a Ford Motor Credit Company LLC
pitecf@weltman.com

Office of the United States Trustee
ustpregion03.pi.ecf@usdoj.gov

Alan H. Perer on behalf of Creditor B.H.
aperer@spkpowerlaw.com

Alan H. Perer on behalf of Creditor L.H., a Minor
aperer@spkpowerlaw.com

Alan H. Perer on behalf of Creditor T.H.
aperer@spkpowerlaw.com

Daniel Rubin on behalf of Creditor BMO Harris Bank, N.A.
drubin@howardandhoward.com  kmay@howardandhoward.com


George T. Snyder on behalf of Creditor BMO Harris Bank, N.A.
gsnyder@stonecipherlaw.com

 

BERNSTEIN-BURKLEY, P.C.
/s/ *David W. Ross*
Kirk B. Burkley (PA ID No. 89511)
David W. Ross (PA ID No. 62202)
601 Grant Street, 9th Floor
Pittsburgh, PA 15219-1900
Telephone: (412) 456-8100
Email: kburkley@bernsteinlaw.com
      dross@bernsteinlaw.com

*Proposed Attorneys for the Debtor the Bankruptcy Case*