IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

L. H., A MINOR, BY AND THROUGH          )
HER PARENTS AND NATURAL                  )
GUARDIANS; T. H., B. H.,                 )                2:23-CV-00613-MJH
                                         )
          Plaintiffs,                    )
                                         )
      vs.                                )
                                         )
RICE ENTERPRISES, LLC,                   )
MCDONALD'S USA, LLC,
MCDONALD'S CORPORATION,

          Defendants,

OPINION

Plaintiffs, L.H., a minor, by and through her parents and natural guardians, T.H. and
B.H., brought the within action in the Allegheny County Court of Common Pleas for negligent
conduct against Defendants, Rice Enterprises, LLC, McDonald's USA, LLC, and McDonald's
Corporation, for injuries L.H. allegedly sustained from sexual harassment, sexual assault and/or
battery, and a sexually hostile work environment.   Rice Enterprises, LLC removed this case to
this Court pursuant to 28 U.S.C. § 1334(b) asserting that this civil action is "related to" a pending
title 11 case, *In re Rice Enterprises LLC*, Case No. 23-20556 (CMB) (Bankr. W.D. Pa).  (ECF
No. 3).  Plaintiffs have moved to abstain and remand pursuant to 28 U.S.C. § 1334(c)(1)-(2).
(ECF No.  11).  Rice Enterprises has also moved to refer this action to the bankruptcy court for
all pre-trial proceedings. (ECF No. 14).  Following briefing, these matters are now ripe for
disposition.

Following consideration of Rice Enterprises's Notice of Removal (ECF No. 3), Plaintiffs'
Motion for Abstention and Remand (ECF No. 11), the respective briefs and filings (ECF No. 12,
19, 20, 25, 28, and 29), and for the following reasons, Plaintiffs' Motion for Abstention and

Remand will be granted, and this matter will be remanded to the Allegheny County Court of Pleas.  Because this matter will be remanded, Rice Enterprises's Motion to Refer This Action to the Bankruptcy Court for all Pre-Trial Proceedings will be denied as moot.

I.      Relevant Background

On September 21, 2021, Plaintiffs filed the subject lawsuit in the Allegheny County Court of Common Pleas. (ECF No. 3 at ¶ 3).  Approximately 18 months later, on March 15, 2023, Rice Enterprises filed a voluntary petition for relief under subchapter V of Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. *Id*. at ¶ 15.  On April 13, 2023, Rice Enterprises removed the Plaintiffs' state court lawsuit, asserting this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) because it is "related to" its bankruptcy petition. *Id*. at ¶ 17. Plaintiffs challenge Rice Enterprises's basis for removal and moves this court to abstain and remand this case to state court.

II.     Discussion

A.  Motion for Abstention and Remand

1.  "Related to" Jurisdiction

By statute, Congress has conferred subject matter jurisdiction to district courts in bankruptcy matters as follows, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).

In *Pacor, Inc. v. Higgins*, the Third Circuit established that a proceeding is "related to" a chapter 11 proceeding if the "outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled in part by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 124-25, 116

S.Ct. 494, 133 L.Ed.2d 461 (1995). The Third Circuit has noted, "the key inquiry no doubt is

conceivability." *Nuveen Mun. Trust ex rel. Nuveen High Yield Bond Fund v. WithumSmith*

*Brown PC*, 692 F.3d 283 (3d Cir. 2012). "Certainty, or even likelihood of effect on the estate

being administered in bankruptcy, is not a requirement." *Copelin v. Spirco, Inc.*, 182 F.3d 174,

179 (3d Cir. 1999). An action thus generally is "related to" a bankruptcy proceeding "if the

outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively

or negatively) and which in any way impacts upon the handling and administration of the

bankrupt estate." *Pacor*, 743 F.2d at 994.

Here, the parties do not appear to dispute that this action is "related to" Rice Enterprises's

bankruptcy petition within the meaning of 28 U.S.C. § 1334(b).  However, Plaintiffs have moved

to remand on jurisdictional principles of mandatory abstention, permissive abstention, and/or

equitable remand.

### 2. Mandatory Abstention

The mandatory abstention statute provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or
> State law cause of action, related to a case under title 11 but not arising under title
> 11 or arising in a case under title 11, with respect to which an action could not
> have been commenced in a court of the United States absent jurisdiction under this
> section, the district court shall abstain from hearing such proceeding if an action is
> commenced, and can be timely adjudicated, in a State forum of appropriate
> jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added); *see also In re Asousa P'ship*, 264 B.R. 376, 381

(Bankr. E.D. Pa. 2001) ("where grounds for mandatory . . . abstention are present under § 1334,

then remand is proper under § 1452(b)").

If the elements of mandatory abstention exist, the federal court must decline to exercise

federal jurisdiction. *See Trans World Airlines, Inc. v. Icahn (In re Trans World Airlines)*, 278

3

B.R. 42, 50 (Bankr. D. Del. 2002); *Mona v. Citizens Bank & Trust Co. of Maryland,* 143 B.R. 375, 381 (D. Md. 1992) (stating that if the elements of Section 1334(c)(2) are met, mandatory abstention of a removed case is required); *Wheeling-Pittsburgh Corp. v. American Ins. Co.*, 267 B.R. 535, 540 (Bankr. N.D.W. Va. 2001).

 Courts in the Third Circuit consider six factors relevant to whether a matter is subject to mandatory abstention:

(1) a timely motion is made;

(2) the proceeding is based upon a state law claim or state law cause of action;

(3) the proceeding is related to a case under title 11;

(4) the proceeding does not arise under title 11;

(5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and

(6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*Asousa*, 264 B.R. at 382; *accord Stoe v. Flaherty*, 436 F.3d 209, 213 (3d Cir. 2006) (where the factors are met, "a district court must abstain").

Plaintiffs argue that this case meets all six factors for mandatory abstention.   Rice Enterprises concedes that Plaintiffs have met four of the six factors, but it disputes factors 5 and 6. First, Rice Enterprises argues, and the other defendants concur, that mandatory abstention does not apply here because, relative to Rice Enterprises's "accelerated" bankruptcy case, this action will not be "timely adjudicated" in state court.   Second, Rice Enterprises maintains that this Court could maintain jurisdiction outside of Section 1334(a), because Plaintiff can assert a federal claim if she files the same Title VII charge that she filed with the Equal Employment Opportunity Commission (EEOC).   Rice Enterprises also contends that any alleged violation of

Title VII would present a federal question within this Court's original subject matter jurisdiction. Given the consensus on four of the six factors, this Court will proceed to address the two factors where the parties disagree.

a.    Independent Basis for Jurisdiction (Factor 5)

Plaintiffs' Complaint asserts state law claims for sexual harassment, sexual assault and/or battery, and a sexually hostile work environment.   On its face, Plaintiffs' Complaint contains no independent basis for federal jurisdiction.  Rice Enterprises maintains that Plaintiff has filed an EEOC claim under Title VII against it; and, if Plaintiff were to sue under Title VII, her action would present a federal question within this Court's subject matter jurisdiction.  Rice Enterprises further contends that the state law claims and Title VII claims would involve the same parties and raise common questions of fact creating a likelihood that the two cases would be consolidated for further proceedings and trial.

It is axiomatic that, absent certain exceptions not applicable in this case, a plaintiff is master of his claim, and may avoid federal jurisdiction by choosing to rely exclusively on state law. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).   Courts have held that, even when facts could support a Title VII claim, remand is appropriate where only state law claims are alleged. See *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir.1997); *Mink v. General Motors Corp.*, 72 F.3d 130, 1995 WL 723180, 2–3 (6th Cir.1995); *Ginsberg v. Paramount Comms. Corp.*, 52 F.3d 333, 1995 WL 163506, 1–2 (9th Cir.1995); *Saldana v. South Texas Lighthouse for Blind*, 2010 WL 519689 (S.D.Tex.,2010); *Hardin v. Morgan Bldgs. & Spas, Inc.*, 2007 WL 2021775, 3 (W.D.Tex., 2007); *Gardon v. City of El Paso*, 2003 WL 21961178 (W.D.Tex., 2003); *Williams v. Pan American Life Ins. Co.*, 2002 WL 31886714, 2 (E.D.La., 2002); *Manzella v. United Parcel Service Inc.*, 2002 WL 31040170, 3 (E.D .La., 2002); *Addison*

*v. Grillot Land & Marine, L.L.C.*, 2002 WL 1298761, 2 (E.D.La.,2002); *Stephens v. Cowles Media Co.*, 995 F.Supp. 974, 976, 977–78 (D.Minn.1998); *Lyles v. Citicorp Credit Servs., Ltd.*, 1997 WL 810027, 2 (N.D.Tex.,1997); *Elliott v. LTD Direct Mktg., Inc.*, 1 F.Supp.2d 1031, 1033 (D.Ariz.1997); *Degruise v. NPC Int'l, Inc.*, 950 F.Supp. 168, 169 (N.D.Miss.,1997); *Lamb v. Laird*, 907 F.Supp. 1033 (S.D.Tex.,1995).

In particular, in *Degruise*, the district court held that "[i]t was improper for defendants to remove this action based on nothing more than an EEOC charge ... when nothing in [the plaintiff's] pleadings suggests a basis for original [federal] jurisdiction." 950 F.Supp. at 169. Likewise, the Court in *Powell v. Hickory Springs Mfg. Co.*, 2001 WL 588857, at *3 (N.D. Miss. Feb. 12, 2001) held that an EEOC charge is insufficient to defeat a motion for mandatory abstention where a plaintiff's complaint solely raises state law claims.

Here, the Complaint before the Court only contains state law claims. The Court cannot and should not assume that an EEOC charge would convert this claim to a federal question. Such assumptions are purely speculative. Therefore, at present, the Court has no foundation to find an independent basis for federal jurisdiction outside the existence of the bankruptcy case. Thus, this proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case. Therefore, this mandatory abstention factor supports abstention.

### b.   Timely Adjudication (Factor 6)

As regards timely adjudication, Plaintiffs argue that the case can be timely adjudicated in state court, and that there is no evidence to suggest otherwise. Rice Enterprises maintains that, as between the two court systems, retaining this action in this Court will result in faster

6

adjudication, thus facilitating more efficient administration and a more rapid conclusion of the bankruptcy case.

As regards the timeliness factor, the issue here "is not whether the action would be more quickly adjudicated in [federal court] than in state court, but rather, whether the action can be timely adjudicated in the state court." *In re Exide Techs.*, 544 F.3d 196, 218 n.14 (3d Cir. 2008) (internal quotations omitted). Timeliness thus "must be determined with respect to needs of the title 11 case and not solely by reference to the relative alacrity with which the state and federal court can be expected to proceed." *Stoe v. Flaherty*, 436 F.3d 209, 219 (3d Cir. 2006). In order to evaluate timeliness under § 1334(c)(2), some courts have followed a four-factor test:

(1) the backlog of the state court's calendar relative to the federal court's calendar;

(2) the complexity of the issues presented and the respective expertise of each forum;

(3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and

(4) whether the state court proceeding would prolong the administration or liquidation of the estate.

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.* (*Parmalat I*), 639 F.3d 572, 580 (2d Cir. 2011); *In re G-I Holdings, Inc.*, 564 B.R. 217, 253 (Bankr. D.N.J. 2016); *Drauschak v. VMP Holdings Ass'n, L.P.*, 481 B.R. 330, 343 (Bankr. E.D. Pa. 2012).

As to the first timely adjudication factor, the Second Circuit explained that "timeliness is a case- and situation-specific inquiry that requires a comparison of the time in which the respective state and federal forums can reasonably be expected to adjudicate the matter." *Parmalat I*, 639 F.3d at 580. However, consistent with the Third Circuit in *Stoe*, the Second Circuit reiterated that the question of timeliness does not turn exclusively on which forum could more quickly adjudicate the matter. *Id.*; *see also Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*

(Parmalat II), 671 F.3d 261, 270 (2d Cir. 2012). Regarding the second timely adjudication factor, the Second Circuit stated that a court should consider both the legal and factual complexities of the case: "the forum with the most expertise in the relevant areas of law," or on the other hand, "the forum with greater familiarity with the record," is likely to adjudicate the matter in a timelier fashion. *Parmalat I*, 639 F.3d at 580–81. The court cautioned again, however, that "the relative adjudication times are not solely determinative, but do shed light on whether the state court can timely adjudicate the matter." *Id*. at 581.

For the third timely adjudication factor, courts should look to the nature of the bankruptcy proceeding—that is, under which chapter of Bankruptcy Code the petition was filed—in addition to the stage of litigation. *Id*. Lastly, as to the final factor, whether abstaining and remanding the matter to state court "will unduly prolong the administration of the estate," then adjudication in state court will not be considered timely. *Parmalat I*, 639 F.3d at 581. Consequently, where the defendants in the state law claims are closely connected with the debtor in the bankruptcy proceeding, and where the litigation is complex, "'remanding to the state court could slow the pace of litigation dramatically' by leading to duplicative motions practice, repetitious discovery, and parallel adjudication of common issues." *Id*. (quoting *In re Worldcom, Inc. Sec. Litig.*, 293 B.R. 308, 331 (Bankr. S.D.N.Y. 2003)). At bottom, however, the foregoing factors "are ultimately interrelated; an action might be 'timely adjudicated' in state court, despite some substantial delay, where the delay has little or no effect on the bankruptcy estate which creates the federal interest." *Parmalat II*, 671 F.3d at 27.

In applying these four factors, the Court finds that the matter can be "timely adjudicated" in state court. Under the first factor, there is no indication that the Allegheny County Court of Common Pleas maintains any backlog that would cause untimely delays. Prior to removal, the

case was being managed in the Complex Litigation division under case management orders, and the defense produces no record that the state court proceeding would be delayed from trial due to case volume rather than party-driven timelines.  Further, the timeliness factor does not require Allegheny County to dispose of this case faster than federal court, but requires merely "timely." Therefore, the first factor weighs in favor of state court on the issue of timeliness.  As regards the second factor, both this Court and the state court have familiarity with the state law claims; however, prior to removal, this lawsuit had an 18-month history in state court, giving the state court "greater familiarity with the record." Therefore, the second factor weighs in favor of state court on the issue of timeliness.  As regards the third factor, the bankruptcy court granted Plaintiffs' Motion for Relief from Stay (ECF No. 29), which permits the Plaintiffs to continue to prosecute this action and allows both the bankruptcy matter and this matter to proceed independently and expeditiously.  Therefore, the third factor also weighs in favor of state court on the issue of timeliness.   Finally, with regards to the fourth factor, whether this case is remanded or not, its outcome appears to be the primary driving force behind Rice Enterprises's bankruptcy petition; thus, adjudication of this case in either state or federal court will not delay either the liquidation or administrative aspects of the bankruptcy petition.   Therefore, the fourth factor weighs in favor of state court on the issue of timeliness.  Accordingly, in balancing the foregoing factors, this Court thus concludes that the factors weigh in favor of finding that the state court can timely adjudicate the present matter.

Accordingly, as all six mandatory abstention factors are sufficiently met, Plaintiffs Motion for Abstention and Remand will be granted.

3.   Permissive Abstention and Equitable Remand

Having found that abstention is mandatory, the Court need not analyze Plaintiffs' position relative to permissive abstention and equitable remand.   Accordingly, the Court declines to comment on permissive abstention and equitable remand.

B.   Motion to Refer this Action to Bankruptcy Court

Finally, the Court having found that this action will be remanded back the Allegheny Court of Common Pleas, Rice Enterprises's Motion to Refer Action to Bankruptcy Court will be denied as moot.

III.   Conclusion

Following consideration of Defendants' Notice of Removal (ECF No. 3), Plaintiffs' Motion for Abstention and Remand (ECF No. 11), the respective briefs and filings (ECF No. 12, 19, 20, 25, 28, and 29), and for the foregoing reasons, Plaintiffs' Motion for Abstention and Remand will be granted, and this matter will be remanded to the Allegheny County Court of Pleas.  Because this matter will be remanded, Rice Enterprises's Motion to Refer This Action to the Bankruptcy Court for all Pre-Trial Proceedings will be denied as moot.

A separate order will follow.

DATED this 26th day of June, 2023.

BY THE COURT:

MARILYN J. HORAN
United States District Judge